# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC STAFFORD,<br><br>          *Plaintiff,*<br><br>   **v.**<br><br>MICHAEL WENEROWICZ, *et al.*,<br><br>          *Defendants.* | CIVIL ACTION NO. 17-4010 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                           **September 25, 2020**

Plaintiff Eric Stafford filed this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by continuously denying him medical treatment for his serious eye condition while he was incarcerated at the State Correctional Institution – Graterford. Defendants Michael Wenerowicz, Cynthia Link, Gerald Galinski, Joseph Korszniak, Bob Grossman, Barbara March, Barbara Herbst, David Witmer, David Mascellino, and Christopher Oppman, have filed a motion for summary judgment. For the reasons set forth below, Defendants' Motion for Summary Judgment will be granted.

## I. BACKGROUND

Plaintiff filed this action on September 6, 2017.[1] Over the next two years, the parties were engaged in a long and robust pleading phase.[2] This pleading phase comprised of multiple amended complaints filed by Plaintiff as well as multiple motions to dismiss filed by numerous defendants.[3] On October 16, 2019, this case finally reached the current posture with this Plaintiff

---

[1] Complaint [Doc. No. 1].
[2] *See* Doc. No. 5–43
[3] *See* Doc. No. 5–43.

and these named Defendants.[4] The Court then allowed for an extensive discovery period, which included extending discovery deadlines twice to accommodate the parties.[5] Following this discovery period, on July 1, 2020, Defendants filed a motion for summary judgment.[6]

## II. LEGAL STANDARD

A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[8] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[10] Further, a court may not weigh the evidence or make credibility determinations.[11] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[12] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[13] This requirement upholds the

---

[4] On October 16, 2019 the Court was finally able to close the pleading stage of this litigation and move on to discovery with the parties who are represented and discussed in this Opinion. On that day, this Court conducted a Rule 16 conference which set out the discovery schedule. Since that time, no new party has entered or been dismissed from this case. *See* Doc. No. 42-55.

[5] *See* Amend. Scheduling Orders [Doc. No. 50, 51].

[6] Def's Motion for Summ. J., [Doc. No. 52]

[7] Fed. R. Civ. P. 56(a).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[9] *Id.*

[10] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[11] *Boyle v. Cnty. Of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[12] *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986).

[13] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

and these named Defendants.[4] The Court then allowed for an extensive discovery period, which included extending discovery deadlines twice to accommodate the parties.[5] Following this discovery period, on July 1, 2020, Defendants filed a motion for summary judgment.[6]

## II. LEGAL STANDARD

A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[8] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[10] Further, a court may not weigh the evidence or make credibility determinations.[11] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[12] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[13] This requirement upholds the

---

[4] On October 16, 2019 the Court was finally able to close the pleading stage of this litigation and move on to discovery with the parties who are represented and discussed in this Opinion. On that day, this Court conducted a Rule 16 conference which set out the discovery schedule. Since that time, no new party has entered or been dismissed from this case. *See* Doc. No. 42-55.

[5] *See* Amend. Scheduling Orders [Doc. No. 50, 51].

[6] Def's Motion for Summ. J., [Doc. No. 52]

[7] Fed. R. Civ. P. 56(a).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[9] *Id.*

[10] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[11] *Boyle v. Cnty. Of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[12] *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986).

[13] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

"underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[14] Therefore, after making all reasonable inferences in favor of the non-moving party, if the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[15]

## III.  DISCUSSION[16]

Delay of medical care and conditions of confinement claims are asserted under the Eighth Amendment's prohibition on cruel and unusual punishment.[17] A claim for deliberate indifference to serious medical needs requires that the prisoner show first that the alleged deprivation was objectively serious.[18] When the claim is based on the denial of medical care, the inmate must show that the medical "needs were serious."[19] When the conditions of confinement claim is "based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."[20] Second, the inmate must make a subjective showing that the defendants acted with "'deliberate indifference' to inmate health or safety."[21] In addition, "to survive summary judgment . . . a plaintiff is required to produce

---

[14] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

[15] *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[16] Where contested, the facts are presented in the light most favorable to Plaintiff, the non-moving party.

[17] *See Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (conditions of confinement); *Pearson v. Prison Health Service*, 850 F.3d 526, 534 (delay of medical care).

[18] *Farmer v. Brennan*, 511 U.S. 825, 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (conditions of confinement); *Moore v. Luffey*, 767 F. App'x 335, 340 (quoting *Pearson*, 850 F.3d at 534) (delay of medical care).

[19] *Moore*, 767 F. App'x at 340 (quoting *Pearson*, 850 F.3d at 534); *see also Easterling v. City of Newark, New Jersey,* 778 F. App'x 80, 83 (3d Cir. 2019).

[20] *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)); *see also White v. New Jersey*, 514 F. App'x 258, 261 (3d Cir. 2013).

[21] *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 302–03); *Moore*, 767 F. App'x at 340 (quoting *Pearson*, 850 F.3d at 534) (explaining that the inmate must make a subjective showing that "the defendants were deliberately indifferent to [his or her] medical needs.").

sufficient evidence of . . . causation."[22]

In or about 2011, Plaintiff was transferred to SCI Graterford, where he was incarcerated until October 31, 2016. On September 6, 2017, Plaintiff filed suit, alleging that Defendants, employees of the Department of Corrections ("DOC"), intentionally disregarded his serious medical needs in violation of the Eighth Amendment. According to Plaintiff, beginning in 2013, Defendants denied him treatment for a serious eye condition. Specifically, Plaintiff contends that Defendants failed to refill his prescription in the fall of 2013; ignored his attempts to get the attention of a guard after suffering an ocular collapse on February 6, 2014; caused him to miss follow-up appointments for surgery between August 8, 2014 and August 11, 2014; and continuously denied him medical care until his release from prison in 2016.[23] Plaintiff alleges he is now permanently disabled because of Defendants' denial of medical care.[24]

Defendants argue that they are entitled to summary judgment because: 1) all of Plaintiff's alleged injuries accrued no later than August 11, 2014, which would place the injury outside of the limitation period for this claim and bar it under the statute of limitations; 2) Defendants did not act with deliberate indifference to Plaintiff's medical condition; and 3) merely denying a grievance is not a constitutional violation.[25] Although Plaintiff's alleged constitutional violations are severe, this Court must grant Defendant's Motion for Summary Judgment as Plaintiff has not shown any evidence of deliberate indifferent conduct within the limitation period.

---

[22] *Davis v. Williams*, 354 F. App'x 603, 605–06 (3d Cir. 2009) (quoting *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)); *see also Smith v. Gransden*, 553 F. App'x 173, 177 (3d Cir. 2014) (citing *Miller v. City of Phila.*, 174 F.3d 368, 374 n.5 (3d Cir. 1999)) (explaining that "a plaintiff must show . . . a causal connection between the indifference and the plaintiff's injury."); *White*, 514 F. App'x at 261 ("Liability may be established only if two conditions (in addition to causation) are met . . .").

[23] Pl.'s Br. Opp. Mot. Summ. J. [Doc. No. 54] at 3–4.

[24] *See* Stafford Affidavit [Doc. No. 54, Ex. 1] at ¶ 14.

[25] Def's Motion for Summ. J., [Doc. No. 52] at 2–44.

A. **Statute of Limitations**

Under Pennsylvania law, the statute of limitations for a § 1983 action is two years from the date the claim accrued,[26] which is when a plaintiff "knew or should have known of the injury upon which [his] action is based."[27] When the events that occurred are sufficient to support liability on their own, the Supreme Court has held that those events are discrete acts and must be raised within the requisite limitations period.[28] Discrete discriminatory acts are "not actionable if time barred, even when they are related to acts alleged in timely filed charges."[29]

However, where "a claim for deliberate indifference is measured by 'persistent conduct in the face of resultant pain and risk of permanent injury,' each denial or failure to treat gives rise to a claim, and the statute of limitations runs anew."[30] Under the continuous violation doctrine, acts that are not individually actionable may be aggregated to make out a § 1983 claim,[31] and when all the events occurred prior to two years from the filing date, the plaintiff must show the defendants' conduct was a continuing violation for a court to toll the statute of limitations.[32]

Additionally, the continuing violations doctrine "is not a substitute for a plaintiff's awareness of and duty to assert his/her rights in a timely fashion."[33] So even when a plaintiff

---

[26] *See* 42 Pa. Cons. Stat. § 5524(2) (2014); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

[27] *Kach*, 589 F.3d at 634 (internal citation omitted).

[28] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act.").

[29] *Id.*; *see also Anders v. Bucks County* 2014 U.S. Dist. LEXIS 66352, at *14–15 (E.D. Pa. May 12, 2014).

[30] *Heary v. Folino*, 2018 U.S. Dist. LEXIS 47066, at *16 (W.D. Pa. Mar. 22, 2018) (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

[31] *Morgan*, 536 U.S. at 113 ("[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for purposes of assessing liability so long as any act contributing to that hostile environment takes place within the statutory time period.").

[32] O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006).

[33] *Bennett v. Susquehannah Cnty. Children and Youth Servs.*, 592 F. App'x 81, 85 (3d Cir. 2014) (internal quotation marks and citation omitted).

asserts some timely claims against a correctional officer for deliberate indifference, those timely claims will not allow a plaintiff to also assert claims that accrued outside the limitations period.[34]

Only events that occurred after September 6, 2015, are timely. Viewing the facts in a light most favorable to Plaintiff, each of the alleged constitutional violations manifested into a known injury prior to September 6, 2015, and there is no evidence of a denial of medical care on a continuing basis.[35]

### 1. The Denial of Medication Claim is a Discrete Act and is Barred.

Plaintiff alleges Defendants acted with deliberate indifference in denying him his prescription medication from July 2013 to January 2014, and that the denial led to Plaintiff suffering an ocular cavity collapse in his left eye.[36] In July of 2013, Plaintiff's eye drop prescription expired.[37] Plaintiff contends that he repeatedly asked the Pennsylvania Department of Corrections staff in the infirmary to get his prescription refilled, but his requests were ignored and his prescription was not refilled.[38] On January 12, 2014, Plaintiff was taken to Jefferson Hospital emergency room after suffering an ocular cavity collapse, after which, Plaintiff received his prescription medications, along with other medications to help him recover.[39]

Plaintiff filed an internal grievance with the prison claiming he was denied adequate medical care based on these events.[40] The grievance included information about this event and

---

[34] *Id.* at *7.

[35] *Anders v. Bucks County* 2014 U.S. Dist. LEXIS 66352, at *14–15 (E.D. Pa. May 12, 2014).

[36] Statement of Stipulate Facts [Doc. No. 52 Ex. 1] at ¶ 11.

[37] *See* Stafford Affidavit [Doc. No. 54, Ex. 1] at ¶ 20.

[38] *See Id.* at ¶¶ 20-26.

[39] Statement of Stipulate Facts [Doc. No. 52, at. 1] at ¶ 13 ("Jefferson Hospital prescribed the following medications to Plaintiff: atropine; brimonidine; dorzolamide; Prednisone acetated (drops); and Prednisone (oral medication").

[40] *See* Grievance # 495212 [Doc. No. 55, Ex. 1], at 2.

stated Plaintiff had contacted an attorney.[41] Plaintiff claims that his 2013 prescription medications were not refilled or reissued until a couple weeks before he suffered an ocular collapse.[42]

Defendant Korszniak denied the grievance on the grounds that Plaintiff had failed to demonstrate that he followed the prison procedures for renewing prescription medication.[43] At SCI Graterford, in order to refill a prescription medication that is "Kept on Person" ("KOP"), the inmate is responsible to reorder by bringing a barcode to the medical line or by going to sick call to renew.[44] Defendants contend that it is the inmate's responsibility to get his or her prescription medication refilled, and that Plaintiff did not make any effort to obtain a refill of his medications during this time. Following the denial, Plaintiff appealed to Superintendent Michael Wenerowicz.[45] Wenerowicz, who does not have access to the inmate's medical records, upheld the denial on the same grounds as Korszniak.[46]

In January of 2014, when Plaintiff filed his grievance with the prison, he knew of his injury and was aware of his potential claim for relief.[47] The grievance stated that Plaintiff suffered from medical injuries stemming from Defendants' conduct and that Plaintiff contacted counsel to pursue a denial of medication claim.[48] The discrete nature of this claim is clear by Plaintiff's own admissions. He filed a grievance asserting his denial of medical care immediately

---

[41] *See Id.* at 1.

[42] *See* Stafford Affidavit [Doc. No. 54, Ex. 1] at ¶¶ 20-27.

[43] *See* Grievance # 495212 [Doc. No. 55, Ex. 1], at 2.

[44] Statement of Stipulate Facts [Doc. No. 52, Ex. 1] at ¶ 6.

[45] *See* Wenerowicz Dep. [Doc. No. 55, Ex. 3] at 13.

[46] *See Id.* at 14, 54:15-21.

[47] *See* Grievance # 495212; *See also Kach*, 589 F.3d at 634 (internal citation omitted).

[48] *See* Grievance # 495212 ("I've contacted my attorney Patrick Murphy.").

7

after he suffered injury. Further, he acknowledged his injuries directly resulted from this alleged denial. Finally, he knew that legal action may be appropriate based on his alleged violation. These factors lead the Court to conclude that Plaintiff knew of his injuries and had an actionable claim at the time the grievance was filed. Thus, this claim had to be filed no later than January 14, 2016, and is time-barred.

### 2. The Delay in Treatment That Occurred on February 7, 2014 is a Discrete Act and is Barred.

Plaintiff argues that Defendant Witmer, as well as the medical unit at SCI Graterford, were deliberately indifferent by delaying him treatment for his eye injury. On February 7, 2014, Plaintiff suffered a second Ocular Collapse while locked in his cell.[49] Attempting to get help, Plaintiff placed a white sheet of paper outside his cell to get the attention of the guards on duty, but he received no response.[50] Plaintiff was found in pain at 4:00 A.M. by corrections officer David Witmer while making his rounds of the cell block.[51] Witmer immediately contacted the medical staff at SCI Graterford.[52] Plaintiff was sent to the infirmary, but was not seen by a nurse until 9:00 A.M. and received no treatment for his eye until 1:00 P.M.[53] After the nurse practitioner examined Plaintiff, he was taken to Wills Eye Hospital.[54] Plaintiff's medical records indicate that during the next few days, he was receiving continued care inside and outside of SCI Graterford.[55]

---

[49] Stafford Affidavit [Doc. No. 54, Ex. 1] at ¶ 29.

[50] *Id.* at ¶ 30.

[51] *See* Grievance # 497101 [Doc. No. 55, Ex. 4] at 3.

[52] *See* Stafford Affidavit [Doc. No. 54, Ex. 1], at ¶ 31.

[53] *Id.*

[54] Statement of Stipulated Facts [Doc. No. 52, At. 1], at ¶ 19.

[55] *See id.* at ¶¶ 20-25.

On February 10, 2014, Plaintiff filed a grievance about the incident.[56] Defendant David Mascellino responded to the grievance.[57] Plaintiff also sent an informal grievance to Superintendent Wenerowicz and once again mentioned the possibility of civil litigation regarding his medical treatment.[58] Plaintiff states that this Ocular Collapse has rendered him blind in his left eye and caused significant pain, which he attributes to deliberate indifference.[59]

Although Plaintiff suffers from a severe injury, this claim is a discrete act and is barred under the statute of limitations. It is undisputed that the conduct at issue occurred in February of 2014, and therefore is outside the limitations period. Plaintiff's knowledge of his injuries resulting from the delay in care is evident by the grievance he filed following the event.[60] In his grievance, Plaintiff threatens SCI Graterford with civil litigation, which indicates awareness and knowledge of the actionable claim.[61] Further, the grievance only raises issues relating to the delay of medical care in this specific event. The evidence supports a finding that this event was discrete and could have been grounds for an independent action. Therefore, the claim is time-barred.

**3. The Claim Alleging Inadequate Medical Care After His Eye Surgery is a Discrete Act and is Barred.**

---

[56] Grievance #497101 [Doc No. 55, Ex. 4].

[57] *Id.*

[58] *See* 2/11/2014 Letter [Doc. No. 55, Ex. 5].

[59] *Id.*

[60] *Id.*

[61] *Id.* at 1.

On March 25, 2014 Plaintiff filed a grievance claiming his oral Prednisone prescription had been discontinued by SCI Graterford medical.[62] This grievance also states that his follow-up appointments at Wills Eye Care were supposed to be scheduled four weeks from February 19, 2014, but had not been.[63]

Defendant Korszniak responded to the grievance stating Plaintiff could have signed up for a sick call to get the prescription renewed and that follow-up appointments are scheduled by a third-party provider.[64] Further, Korszniak states in the denial that the only open time slot for a follow-up appointment was on March 24, 2014.[65] It is a frequent practice of prisons to give inmates placeholder dates for appointments because inmates cannot know the exact date they will be outside the institution.[66] Plaintiff's medical records show that between March and July 2014, Plaintiff's eye condition was monitored by SCI Graterford doctors as well as Wills Eye Hospital.[67]

Once again, Plaintiff's action of filing the grievance shows that Plaintiff was aware of his injuries and that he had a cognizable claim. Plaintiff wrote a letter to Defendant Wenerowicz outlining his displeasure with his medical care and stated the possible violations associated with this event.[68] The letter focuses on the alleged missed appointments and prescription medication expiration.[69] Plaintiff's letter states "[m]y complaint here deals with the events following them,

---

[62] *See* Grievance #503007 [Doc. No. 55, Ex. 6].

[63] *Id.*

[64] *Id.* at 2.

[65] *Id.*

[66] *See* Wenerowicz Dep. at 15, 57:22-58:8.

[67] Statement of Stipulated Facts [Doc. No. 52, At. 1] at ¶¶ 29-40.

[68] *See* 2/11/2014 Letter [Doc. No. 55, Ex. 5]..

[69] *Id.*

most recently (February 10, 2014)."[70] It seems clear that this letter and grievance was in response to this specific event of denied medical care. The individualized nature of this event, as articulated in Plaintiff's own letter supports a finding that the claim accrued at some point in July of 2014. This date is outside of the limitation period and is therefore barred.

### 4. The Delay in Treatment Claim in August 2014 is a Discrete Act and is Barred.

On August 7, 2014 Plaintiff had another cornea transplant.[71] Following surgery, Plaintiff returned to SCI Graterford where Defendant Barbara Herbst provided him with eye drops.[72] On August 8, 2014, while traveling to a scheduled follow up appointment, the transport vehicle received a call from Wills Eye Hospital that told the transport that the clinic had to cancel the appointment and move it to another day.[73]

The cancellation on August 8, 2014 resulted from Wills Eye Hospital's cornea specialist being out that day.[74] As a result, the Hospital rescheduled the appointment for August 11, 2014.[75] Plaintiff was seen on August 11, 2014, at Wills Eye Care Hospital.[76] On August 18, 2014, Plaintiff filed a grievance complaining about the delays in treatment resulting from the cancelled appointment.[77] This grievance asserts that Defendants exhibited deliberate indifference in the delay of his follow-up appointment and demanded compensation.[78] Defendant Korszniak

---

[70] *Id.*

[71] *See* Stafford Affidavit [Doc. No. 54, Ex. 1], at ¶ 37.

[72] Statement of Stipulated Facts [Doc. No. 52, Ex. 1] at ¶ 43.

[73] *See* Medical Chart 8/8/2014, [Doc. No. 55, Ex. 8].

[74] *Id.*

[75] *See* Stafford Affidavit [Doc. No. 54, Ex. 1], at ¶ 37.

[76] *Id.*

[77] *See* Grievance # 523853 [Doc. No. 55, Ex. 7].

[78] *Id.*

11

responded that he was unaware of the reason for Plaintiff's transport vehicle being brought back to the prison on the day his appointment was scheduled.[79] Korszniak also noted that Plaintiff was in fact seen at the Hospital three days after the cancelled appointment.[80]

The contents of Plaintiff's own grievance displays the discrete nature of this event.[81] His demand for compensation indicates his awareness and knowledge of the alleged injury. Further, his demand for monetary relief indicates his awareness that he has an actionable claim. Finally, even if this claim was actionable, Plaintiff offers no evidence to show how any of the Defendants were deliberately indifferent during this event.

Based on the evidence, this event or claim accrued on or before August 11, 2014 when medical care was provided.[82] The accrual date is outside of the limitation period and is therefore barred.

### B. There is No Evidence that Any Defendants Acted with Deliberate Indifference Within the Limitation Period

Finally, Plaintiff claims he missed follow-up appointments and was denied medical treatment throughout 2015 and 2016.[83] However, the medical records show that Plaintiff was evaluated by doctors inside and outside of SCI Graterford on a regular basis during this time.[84] Further, the medical records do not record any missed appointments during 2015 or 2016.[85]

The only evidence Plaintiff offers showing constitutional violations within the limitations period is his assertion in his affidavit that "during the years 2014, 2015, and 2016, I continued to

---

[79] *Id.* at 2.

[80] *Id.* at 2.

[81] *See* Grievance #523853 [Doc. No. 55, Ex. 7], at 1.

[82] *See* Stafford Affidavit [Doc. No. 54, Ex. 1], at ¶ 37.

[83] *See Id.* ¶¶ 40-41.

[84] *See* Statement of Stipulated Facts [Doc. No. 52, Ex. 1], at ¶¶ 50-67.

[85] *Id.*

12

complain to staff that my medical condition was still not addressed and I continued to suffer pain and diminished vision in my left eye" and "in 2015 and 2016, follow-up appointments were missed which caused my condition to not be properly addressed."[86] Even if Plaintiff's time-barred claims constituted a pattern of deliberate indifference by Defendants, these allegations are insufficient to establish a continuing violation occurring during the limitations period.

Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law."[87] To act with deliberate indifference is to "recklessly disregard a substantial risk of harm."[88] "[F]inding a prison official liable for violating a prisoner's Eighth Amendment rights requires proof that the official 'knows of and disregards an excessive risk to inmate health or safety.'"[89] Thus, "to survive a summary judgment motion on this issue, [Stafford] must point to some evidence . . . that [Defendants] knew or [were] aware of [the risk to Stafford]."[90]

With regard to causation, "[i]t is axiomatic that [a] § 1983 action, like its state tort analogs, employs the principles of proximate causation."[91] "To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the [Defendants'

---

[86] Stafford Affidavit [Doc. No. 54, Ex. 1], at ¶¶ 40-41.

[87] *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (quoting *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)).

[88] *Baker v. Younkin*, 529 F. App'x 114, 115 (3d Cir. 2013) (quoting *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009)).

[89] *Natale*, 318 F.3d at 582 (quoting *Farmer*, 511 U.S. at 837); *see also Gunter v. Twp. of Lumberton*, 535 F. App'x 144, 149 (3d Cir. 2013).

[90] *Id.* (quoting *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001)).

[91] *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000) (citations and quotation omitted); *see also Pagan-Gonzalez v. Moreno*, 919 F.3d 582, 615 (1st Cir. 2019) (Barron, J., concurring) (citations omitted) ("[I]n all § 1983 cases and Bivens actions, plaintiffs must show some causation between the defendant's conduct, the constitutional violation, and the plaintiff's injury.").

action] and the specific deprivation of constitutional rights at issue."[92] "Although the issue of proximate causation is typically determined by the factfinder, this issue may be addressed as a matter of law where the outcome is clear or when highly extraordinary events or conduct takes place."[93] Therefore, if the Court determines that Defendants acted with deliberate indifference, the Court must then determine whether, construing the evidence in the light most favorable to Stafford, a reasonable jury could find a "plausible nexus" or "affirmative link" between the deliberate indifference and the injury to Stafford.

The alleged violations occurring within two years of the filing of this lawsuit lack evidentiary support. Plaintiff offers only generalized allegations, unlike his specific claims relating to actions that occurred outside the limitations period. In contrast, Defendants have produced numerous medical records to show that during this time Plaintiff regularly received medical care.[94]

The medical records show that Plaintiff was evaluated by doctors inside and outside of the institution on a regular basis during 2015 and 2016. During this time period, there is no evidence that Plaintiff missed any follow up appointments.[95] The evidence shows Plaintiff was treated five times at Wills Eye Hospital.[96] The record also indicates that Plaintiff was seen four times by an on-site ophthalmologist.[97] In addition to these appointments, Plaintiff received

---

[92] *Hedges*, 204 F.3d at 121 (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)); *see also Ramos-Vazquez v. PrimeCare Med., Inc.*, No. 09-00364, 2010 WL 3855546, at *7 (E.D. Pa. Sept. 30, 2010).

[93] *Brandt v. Burns*, 441 F. App'x 924, 927 (3d Cir. 2011) (citations omitted); *see also Tallman v. Barnegat Bd. of Educ.*, 43 F. App'x 490, 498–99 (3d Cir. 2002) (citations omitted) ("Although the question of proximate cause must often be submitted to the trier of fact, summary judgment is proper if the record cannot reasonably support a finding of proximate cause, and in prior § 1983 cases, [the Third Circuit has] upheld summary judgment on this basis.").

[94] *See* Statement of Stipulated Facts [Doc. No. 52, At.1], at ¶¶ 50-67.

[95] *Id.*

[96] *See Id.* at ¶¶ 56, 60, 62, 63, 64.

[97] *See Id.* at ¶¶ 53, 59, 61, 65.

medication prescribed by Wills Eyes Hospital and took a visual acuity test in early 2015.[98] Finally, two months before Plaintiff was released from prison he reported to the medical staff that he was in good health.[99] Plaintiff's general allegations cannot overcome this specific evidence as to the course of events in 2015 or 2016.[100]

## IV. CONCLUSION

After considering the record as a whole and viewing the facts and evidence in light most favorable to Plaintiff, Plaintiff has failed to show he has any valid claim that is not time-barred, and Defendants are entitled to judgment as a matter of law. An order will be entered.

---

[98] *Id.* at ¶ 52.

[99] *Id.* at ¶ 66.

[100] Pl.'s Br. Opp. Mot. Summ. J. [Doc. No. 54] at 9, 10.